IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AYANNA ROBINSON and ELLIOTT ROBINSON,
   Plaintiffs,
   v.

AIRTRAN AIRWAYS, INC., et al.,
   Defendants.

CIVIL ACTION FILE
NO. 1:09-CV-439-TWT

## ORDER

This is a personal injury action. The Plaintiff Ayanna Robinson was groped by a drunken fellow passenger on an AirTran flight. Georgia law does not allow her to recover from AirTran unless she suffered a physical injury which she did not. Therefore, the Defendant AirTran's Motion for Summary Judgment [Doc. 48] is GRANTED.

## I. Background

This case arises out of an incident on November 3, 2007, involving AirTran passenger and Co-defendant Raymond Lewis and Plaintiffs Ayanna and Elliott Robinson. That morning, Lewis traveled from San Francisco, California, to Atlanta, Georgia. (Compl. ¶ 6.) During the flight, a passenger reported that Lewis was becoming intoxicated. (Compl. ¶ 7.) When the flight landed, the flight attendants told

an AirTran customer service specialist that Lewis should not be served any alcohol on his connecting flight to Richmond, Virginia. (Def.'s Mot. for Summ. J., Ex. C at 15.) The customer service specialist relayed the information to the gate agent supervisor. (Def.'s Mot. for Summ. J., Ex. C at 19-20.) The gate agent supervisor "un-checked" Lewis from his seat assignment, thereby alerting the gate agent to evaluate Lewis when he boarded his connecting flight to Richmond. (Def.'s Mot. for Summ. J., Ex. C at 20.) At boarding time, the gate agent spoke to Lewis and assessed his behavior, appearance, and odor. (Def.'s Mot. for Summ. J., Ex. C at 24-26.) Based on his evaluation, the agent allowed Lewis to board. He wrote "no alcohol" on Lewis's boarding pass and gave the boarding pass to a flight attendant. (Def.'s Mot. for Summ. J., Ex. C at 49-50.)

During the flight, the Robinsons' daughter spilled water in her seat. (Compl. ¶ 14.) Mrs. Robinson walked to the rear of the plane to get paper towels. (Compl. ¶ 14.) She alleges that Lewis slapped her on the buttocks when she walked past his seat. (Compl. ¶ 15.) She said nothing and continued to the rear of the plane to get paper towels. When she returned, she stopped at Lewis's seat and told him not to touch her again. (Compl. ¶ 16.) She then returned to her seat, told her husband about Lewis's behavior, and called a flight attendant. The Robinsons asked the flight attendant to do something to prevent Lewis from touching Mrs. Robinson again. (Compl. ¶ 22.)

The head flight attendant apologized to the Robinsons, approached Lewis about the incident, and confiscated an alcoholic beverage he had smuggled on board. (Compl. ¶ 23, Def.'s Mot. for Summ. J., Ex. E at 59.) She then asked flight attendant Gerry Grimm to remain in his jump seat, which was located near Lewis's seat, to supervise Lewis. (Compl. ¶ 23.) She also notified the captain to radio the Richmond airport and have police waiting at the gate.

For the remainder of the flight, Lewis remained in his seat in a drunken stupor. When the passengers were deplaning, he approached Mrs. Robinson and touched her on the back and neck. (Compl. ¶ 26.) Mr. Robinson pushed Lewis into a seat. (Compl. ¶ 27.) Shortly thereafter, Grimm arrived and intervened to separate the men. Lewis remained on board while the remaining passengers deplaned, and the police then took him into custody and escorted him to a well deserved jail cell. (Compl. ¶ 29.)

The Robinsons sued AirTran Airways, Inc. ("AirTran") alleging (1) negligent hiring, training, and supervision of employees, (2) negligence on behalf of AirTran's employees, (3) breach of a common carrier's heightened duty of care, (4) loss of consortium, (5) willful misconduct, malice, fraud, wantonness, oppression, and want of care sufficient to support punitive damages, and (6) bad faith conduct entitling the Robinsons to attorney fees. AirTran now moves for summary judgment.

II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

III.  Discussion

A.  Negligence Claims

In Counts I and II, the Plaintiffs allege that AirTran negligently hired, trained, and supervised its employees and that AirTran's employees acted negligently in responding to Lewis's advances.  Under Georgia law, "[i]n a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury."  Lee v. State Farm Mut. Ins. Co., 272 Ga. 583, 584 (2000) (quoting Ryckeley v. Callaway, 261 Ga.

828 (1992)); H.J. Russell & Co. v. Jones, 250 Ga. App. 28, 30 (2001). The rule has been criticized as "repudiated [and] regressive." Lee, 272 Ga. at 590 (Hunstein, J., concurring). But it is unquestionably the law in Georgia.

It can be said in defense of the rule that it spares the airlines from crushing liability for the inconvenience, indignities and emotional distress that the airlines now routinely inflict upon their customers. The conditions of airline travel today often constitute the negligent infliction of emotional distress. The foreseeable examples include long and unpredictable security lines which mean that you must arrive at the airport hours in advance of your flight time, loud televisions blaring over the din of cell phone conversations in every nook and cranny of the airport, delayed and canceled flights, missed connections, lost luggage, and overbooking of flights making rescheduling a nightmare.

Conditions in the rear cabin are – to paraphrase Hobbes – nasty, brutish and not short. After being herded into the airplane like cattle, the passengers are crammed into seats that are too small even for the average sized individual, much less for the larger passenger who spills out of the middle seat into the space of his or her fellows on each side. There is adequate leg room if you are a very small child or a dwarf. Our fellow passengers are often rude and inconsiderate, like the drunken, brutish Mr. Lewis here. The airlines continue to order planes with reclining seat backs so that the

passenger ahead of you can unilaterally decrease the space available to you in order to increase his level of comfort. As they discount fares for major routes, the airlines now charge for a host of services that once were free, such as fees for checked baggage which means that there are more carry-ons and consequent delays in loading and unloading of the aircraft. We routinely read of passengers trapped in a plane sitting on the tarmac for hours because of bad weather, jammed in like sardines, listening to the wail of crying babies, with no food, and breathing air reeking with the smell of overflowing toilets. In short, airline travel these days is often a truly miserable and distressful experience.

Here, Mrs. Robinson asserts that she suffered a physical injury when Lewis touched her without permission. Unwanted touching, however, is not considered a physical injury under Georgia law. In Stewart v. Storch, 274 Ga. App. 242 (2005), a former tenant sued her former landlord alleging that the landlord was liable for sexual harassment allegedly committed by the landlord's property manager. The tenant alleged that the property manager "touched her without permission" and "made unwanted sexual advances on numerous occasions." Id. at 243. The Georgia Court of Appeals granted summary judgment in favor of the landlord, explaining:

> A plaintiff can recover damages for mental distress caused by negligence only where the plaintiff suffered an impact resulting in physical injury or pecuniary loss resulting from an injury to the person. [The plaintiff]

alleged no such injury or loss and therefore [cannot] recover for any alleged negligence by [the landlord.]

Id. at 248. Although Mrs. Robinson argues that she experienced "physical, mental, and emotional distress," she offers no evidence that distinguishes the touching from that in Stewart. Accordingly, AirTran is entitled to summary judgment with respect to Mrs. Robinson's negligence claims because she has not shown a sufficient physical impact.

### B. Common Carrier Liability

In Count III, Mrs. Robinson alleges that AirTran breached its heightened duty of care as a common carrier. However, all negligence claims, regardless of their standard of care, are subject to the physical impact rule. In Wideman v. DeKalb County, 200 Ga. App. 624 (1991) (overruled on other grounds), the plaintiff sued emergency medical technicians for negligent infliction of emotional distress after she suffered a miscarriage in an ambulance. Although an ambulance is a common carrier under Georgia law, the Georgia Court of Appeals recognized that the impact rule applied to the plaintiff's negligent infliction of emotional distress claim. Id. at 631. Accordingly, because Mrs. Robinson suffered no physical injury, AirTran is entitled to summary judgment with respect to her common carrier claim as well.

### C. Loss of Consortium, Punitive Damages, and Attorney Fees

Claims for loss of consortium, punitive damages, and attorney fees depend on the viability of the underlying claims. See Briddle v. Cornerstone Lodge of America, 288 Ga. App. 353, 355 (2007) ("Since the loss of consortium claim by [the Plaintiff's husband] was derivative to [the Plaintiff's] recovery for the underlying injury, summary judgment was also proper as to that claim."); Vernon Library Supplies, Inc. v. Ard, 249 Ga. App. 853, 855 (2007) ("[A] claim for punitive damages will not lie when general damages are not awarded."); Gilmour v. American Nat'l Red Cross, 385 F.3d 1318, 1324 (11th Cir. 2004) (affirming the dismissal of the plaintiff's claim for attorney fees where he was entitled to summary judgment on underlying claims). Here, Mrs. Robinson has no viable underlying claims. Therefore, AirTran is also entitled to summary judgment with respect to the Plaintiffs' claims for loss of consortium, punitive damages, and attorney fees.

## IV. Conclusion

For the reasons stated above, the Defendant AirTran's Motion for Summary Judgment [Doc. 48] is GRANTED.

SO ORDERED, this 10 day of day of November, 2009.


                                    /s/Thomas W. Thrash
                                    THOMAS W. THRASH, JR.
                                    United States District Judge